IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

  Plaintiff,

v.

KAYLA UNION (06),

  Defendant.

Case No. 19-20007-06-DDC

## MEMORANDUM AND ORDER

  Defendant Kayla Union has filed a pro se[1] motion. Doc. 612. It asks the court to expunge her felony conviction for money laundering and conspiracy to commit money laundering under 18 U.S.C. §§ 1956(h), 1956(a)(1)(B)(i), and 1956(a)(3). Unfortunately, in the federal courts, any authority to expunge is extremely limited.

  No statute grants the court with the power to order expungement. *United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993). Instead, "any authority to order expungement must stem from the inherent equitable powers of the court." *Id.* And our Circuit has held that the court can use those equitable powers only "in extreme circumstances,"—that is, "an arrest record may be expunged after dismissal of the charges or acquittal." *Id.* Yet "there is a large difference between expunging the arrest record of a presumably innocent person, and expunging the conviction of a person adjudged as guilty in a court of law." *Id.*

  Here, Ms. Union asserts that the court should expunge her conviction because her "past record has become a major obstacle" to her education and career. Doc. 612. The court

---

[1] Because Ms. Union filed her motion pro se, the court construes it liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

commends Ms. Union for her efforts, but expungement isn't in the cards. This isn't a case of dismissal or acquittal; Ms. Union pleaded guilty to the charges against her. Ms. Union's motion, like the motion rejected in *Pinto*, contains "no allegations that the conviction was in any way improper. The sole contention is that Defendant has been punished enough, and that the presence of the conviction is unjustly interfering with her efforts to rebuild her life." 1 F.3d at 1070. So, the court, as in *Pinto*, is "without power to expunge [Ms. Union's] conviction." *Id.*

The court thus denies the motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Kayla Union's Motion for Expungement (Doc. 612) is denied.

**IT IS SO ORDERED.**

**Dated this 4th day of November, 2025, at Kansas City, Kansas.**

                                              **s/ Daniel D. Crabtree**
                                              **Daniel D. Crabtree**
                                              **United States District Judge**